IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEANGELA SMITH,** individually and on behalf of all similarly-situated individuals, : : : **Plaintiffs,** : : v. : : **GENERATIONS HEALTHCARE SERVICES LLC,** *et al.*, : : **Defendants.** : | **Case No. 2:16-CV-807** **JUDGE ALGENON L. MARBLEY** **Magistrate Judge Vascura** |

## OPINION AND ORDER

This matter is before the Court on Plaintiff DeAngela Smith's Motion for Conditional Certification and Notification of all Putative Class Members under 29 U.S.C. § 216(b). (Docs. 19, 20.) Also pending is Plaintiff's Motion to Expedite Consideration of her Motion for Conditional Class Certification (Doc. 30), which was filed on May 18, 2017, and Plaintiff's Motion for Extension of Time to Complete Discovery. (Doc. 32.) The Court held a hearing on Plaintiff's Motion for Conditional Certification on June 29, 2017. For the reasons set forth below, Plaintiff's Motion for Conditional Certification is **GRANTED**, and Plaintiff's Motion to Expedite and Motion for Extension of Time are now **MOOT**.

### I. BACKGROUND

Plaintiff brings this action for wage and hour violations under the Fair Labor Standards Act ("FLSA") and related Ohio laws, on behalf of herself and individuals employed by Defendants Generations Healthcare Services, LLC and/or Generations Too, LLC ("Defendants") as registered nurses, licensed practical nurses, physical and occupational therapists, and home health aides since after January 1, 2015. (Second Am. Compl., Doc. 43; Mem. in Support of Mot. for Conditional Class Cert., Doc. 20, at 2.) Plaintiff has been employed by Defendants as

an hourly home health aide ("HHA") since July 2014. (Doc. 20 at 2.) Her job duties include light housework and direct patient care. (*See id.*) According to Plaintiff, throughout her employment, she has regularly worked over 40 hours per workweek, but has not been compensated at the overtime rate of one and one-half times her regular rate for her excess hours. (*See* Doc. 43 ¶¶ 26–28.) Additionally, Plaintiff alleges that hours over 40 per workweek were not even recorded on her paystubs. (*See id.* ¶ 32.)

Defendants are Ohio limited liability companies that offer in-home healthcare services in several Ohio counties. (Doc. 20 at 2.) Plaintiff alleges that Defendants violated the FLSA and Ohio wage and hour laws by failing to pay Plaintiff and similarly-situated employees overtime at a wage rate of one and one-half times her regular rate and by failing to maintain and preserve timesheet and payroll records. (*See* Doc. 43 ¶¶ 26–32.)

Plaintiff's Second Amended Complaint asserts causes of action under the FLSA (Count 1); and the Ohio Wage Act (Ohio Rev. Code Chapter 4111) and the Ohio Prompt Pay Act (Ohio Rev. Code § 4113.15(A)) (Count 2). (*See id.* ¶¶ 52–74.) Plaintiff asks the Court to certify conditionally this case as a collective action for unpaid overtime wages under the FLSA. Specifically, Plaintiff seeks to certify conditionally a class defined as:

> **All current and former Home Health Aides or other job titles performing similar job duties (collectively, "HHAs") employed by Generations Healthcare Services, LLC and/or Generations Too, LLC at any time after January 1, 2015, who worked over 40 hours per week, and were not paid overtime for hours worked over 40 in a workweek.**

(*Id.* ¶ 39.) Plaintiff also asks the Court to:

- Approve her proposed Court-authorized Notice and Consent to Sue form;

- Compel Defendants to produce the full names, all known addresses, e-mail addresses, and telephone numbers of potential class members within **14 days** of the Order granting this Motion;

- Permit Plaintiff's counsel to send, within **14 days** of receipt of the class list from Defendants, the Court-authorized Notice and Consent to Sue form via U.S. mail and e-mail to putative class members;

- Require Defendants to post a copy of the Court-authorized Notice in their facilities;

- Allow **90 days** for putative class members to return their Consent to Sue form to Plaintiff's counsel for filing with the Court; and

- Appoint Plaintiff's counsel as counsel for members of the putative class.

(*See* Doc. 20 at 1–2.)  Plaintiff's Motion is ripe for adjudication.

## II.     STANDARD OF REVIEW

The FLSA allows employees to maintain an action on behalf of "themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Section 216(b) specifies that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  This means that putative plaintiffs in FLSA class actions, such as this one, must opt in to the litigation.  *See Albright v. Gen. Die Casters, Inc.*, 5:10-CV-480, 2010 WL 6121689, at *2 (N.D. Ohio July 14, 2010) ("[U]nder the FLSA a putative plaintiff must affirmatively opt-in to the class"); *Jackson v. Papa John's USA, Inc.*, No. 1:08-CV-2791, 2009 WL 385580, at *4 (N.D. Ohio Feb. 13, 2009) (same).  In short, the Act establishes two requirements for a representative FLSA action against an employer: "(1) the plaintiffs must actually be 'similarly situated,' and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action."  *Snelling v. ATC Healthcare Services, Inc.*, No. 2:11-CV-983, 2012 WL 6042839, at *2 (S.D. Ohio Dec. 4, 2012) (quoting *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)).

Notably, the commencement of an FLSA collective action does not toll the statute of limitations for putative class members.  *Stout v. Remetronix, Inc.*, No. 3:13-cv-026, 2013 WL 4048241, at *2 (S.D. Ohio Aug. 9, 2013); 29 U.S.C. § 256(b).  An FLSA collective action "is

considered to have commenced as to each individual opt-in plaintiff only when she files written consent to join the action." *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 897 (S.D. Ohio 2016) (citing 29 U.S.C. § 256). The distinct "opt-in" structure of § 216(b) heightens the need for employees to "receiv[e] accurate and timely notice concerning the pendency of the collective action." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The statute therefore vests district courts with "discretion . . . to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Id.* at 169. The decision to conditionally certify a class, and thereby facilitate notice, is thus "within the discretion of the trial court." *Snelling*, 2012 WL 6042839 at *2 (citing *Hoffman-La Roche*, 493 U.S. at 169).

Accordingly, the Sixth Circuit has "implicitly upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action." *Heibel v. U.S. Bank Nat'l Ass'n*, No. 11-cv-593, 2012 WL 4463771, at *2 (S.D. Ohio Sept. 27, 2012) (citations omitted). First, at the "initial notice" stage, before discovery has occurred, the Court "determine[s] whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members." *Id.* (quotation omitted). The second stage of the FLSA collective action analysis occurs once discovery is complete, when "the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims." *Id.* (quotation omitted).

Whether Plaintiff's suit may proceed as a collective action pursuant to the FLSA at the initial notice stage, then, depends on a showing that potential class members are in fact "similarly situated." *Comer*, 454 F.3d at 546. At this stage, the Court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Myers*, 201 F. Supp. 3d at 890 (internal citations omitted). The FLSA does not explicitly define the term

4

"similarly situated," and neither has the Sixth Circuit. *Wade v. Werner Trucking Co.*, No. 10-cv-280, 2012 WL 5378311, at *3 (S.D. Ohio Oct. 31, 2012) (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009)). Although the Sixth Circuit has declined to "create comprehensive criteria for informing the similarly situated analysis," it has held that FLSA plaintiffs may proceed collectively in cases where "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. At this first stage, then, "the plaintiff must show only that 'his position is similar, not identical, to the positions held by the putative class members.'" *Comer*, 454 F.3d at 546–47 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). The Court considers that issue "using a fairly lenient standard, and typically [the determination] results in conditional certification of a representative class." *Id.* at 547 (quotation omitted).

## III. ANALYSIS

There are three issues before the Court in this first-stage analysis: (1) the appropriateness of conditional certification under the FLSA; (2) the propriety of Plaintiff's proposed notice; and (3) whether Plaintiff's counsel should be appointed class counsel in this action. The Court will address each issue in turn.

### A. Conditional Certification

Plaintiff seeks FLSA conditional certification with respect to the following class:

> **All current and former Home Health Aides or other job titles performing similar job duties (collectively, "HHAs") employed by Generations Healthcare Services, LLC and/or Generations Too, LLC at any time after January 1, 2015, who worked over 40 hours per week, and were not paid overtime for hours worked over 40 in a workweek.**

5

(Doc. 43 ¶ 39.) Plaintiff argues that she has met the requirements for FLSA conditional certification by offering "substantial allegations that surpass the modest showing required at stage one." (Doc. 20 at 6.) Specifically, Plaintiff points to the allegations in her Second Amended Complaint and her declaration that Plaintiff and the putative class members had the same job duties, regardless of their formal job titles; and that Defendants treated all HHAs the same by subjecting them to the same company-wide policies of failing to report hours worked in excess of 40 per workweek on their HHA paystubs and failing to pay them overtime premiums in violation of the FLSA. (*See id.*)

Additionally, although Plaintiff did not submit this evidence with her class certification Motion, attached as an exhibit to her Motion to Expedite are excerpts from the deposition testimony of Defendants' corporate representative, Sabatha Umoette. (*See* 30(b)(6) Dep. of Sabatha Umoette, Doc. 30-1.) At her deposition, Ms. Umoette testified that: (1) she was unaware of the federal law requiring overtime pay; (2) Defendants do not pay the required overtime premium; (3) she was not aware of the change in the law effective January 1, 2015 that mandated overtime pay for home health workers; (4) Defendants have not done anything to change their pay practices since the change in the law because they "didn't think they were doing anything wrong"; and (5) all HHAs are "paid in the same manner, all subject to the same rules, the same time sheet, the same procedures, the same office manager." (*See id.* at 37:3–8, 37:21–38:6, 39:3–8, 41:13–19, 71:19–23.) Ms. Umoette also testified that Defendants never accepted employee time sheets with over 40 hours per workweek. (*See id.* at 66:15–20.)

Based on this evidence, Plaintiff argues that she has shown that she and putative class members "are similarly situated because they were hourly, non-exempt employees of Defendants who share similar duties and responsibilities and were victims of Defendants' same policy,

6

decision, and practice to deny them premium overtime wages for hours worked in excess of 40 per workweek," and that is "all that is needed for conditional certification at this notice stage." (*Id.*)

Defendants counter that Plaintiff has not met her burden of showing that she and other potential class members are "similarly situated" because she has not: (1) identified potential plaintiffs or provided affidavits from potential plaintiffs; or (2) provided sufficient evidence of a common policy or plan that violated the FLSA. (*See* Mem. Opp'n to Pl.'s Mot. for Conditional Class Cert., Doc. 22, at 4–7.) Defendants correctly note that Plaintiff asks the Court to grant conditional certification based solely on her declaration and the allegations presented in her Second Amended Complaint—although, as discussed above, Plaintiff provided additional information with her Motion to Expedite. (*See id.* at 4.)

As this Court has explained, "[s]ome courts hold that a plaintiff can demonstrate that potential class members are 'similarly situated,' for purposes of receiving notice, based solely upon allegations in a complaint of class-wide illegal practices." *Pritchard*, 210 F.R.D. at 595 (quoting *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996)). "[O]ther courts hold that a plaintiff meets this burden by demonstrating some factual support for the allegations before issuance of notice." *Id.* at 595–96 (quoting *Belcher*, 927 F. Supp. at 251). Such a showing, however, need only be "modest," sufficient to establish at least a colorable basis for a plaintiff's claim that a class of "similarly situated" plaintiffs exist. *Id.* (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266–67 (D. Minn. 1991)). Courts requiring a factual showing have considered factors such as "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted; and whether as a matter of sound class management, a

7

manageable class exists." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) (Marbley, J.) (quotation omitted).

Although the standard used to evaluate whether conditional certification under the FLSA is appropriate is a "fairly lenient" one, Plaintiff still barely meets this minimal standard. *See Comer*, 454 F.3d at 547. As Defendants point out, and Plaintiff acknowledges, Plaintiff's Motion for conditional certification is supported solely by the allegations in her Second Amended Complaint and in her declaration. (*See* Doc. 22 at 4; Pl.'s Reply in Support of Mot. for Conditional Class Cert., Doc. 27, at 3.) In her Second Amended Complaint, Plaintiff alleges that the class of employees on behalf of whom she brings this action are "similarly situated" because:

> (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendants' policy of not paying their employees overtime at a rate of one-and-one-half times their regular rate); (c) their claims are based on the same factual and legal theories; and (d) the employment relationship between Defendants and every putative [c]lass member is exactly the same and differs only by name, location, and rate of pay.

(Doc. 43 ¶ 40.) But Plaintiff alleges only "[u]pon information and belief" that there are other HHAs who performed uncompensated overtime hours. (*Id.* ¶ 41.) And in her declaration, Plaintiff merely states that she is "aware" of other HHAs who performed the same or similar duties and were also subjected to Defendants' compensation policies which resulted in HHAs not being paid overtime. (*See* Doc. 20-1 ¶ 8.)

This Court has noted that a plaintiff "must demonstrate a factual nexus—that is, something more than 'bare allegations'—to warrant conditional certification." *O'Neal v. Emery Fed. Credit Union*, No. 1:13CV22, 2014 WL 6810689, at *5 (S.D. Ohio Dec. 3, 2014) (quotation omitted). Indeed, in the majority of cases, this Court has required more than allegations in the complaint and a single plaintiff's affidavit to conditionally certify an FLSA class. *See, e.g.*,

8

*Lewis*, 789 F. Supp. 2d at 868 (Marbley, J.) (conditionally certifying FLSA class based on allegations in complaint, declarations of multiple named plaintiffs, and affidavit of defendant's general counsel); *Crescenzo v. O-Tex Pumping, LLC*, No. 15-CV-2851, 2016 WL 3277226, at *4 (S.D. Ohio June 15, 2016) (Marbley, J.) (granting motion for conditional certification supported by declaration of named plaintiff and declarations of twenty-two additional employees subject to same compensation policies); *Jasper v. Home Health Connection, Inc.*, No. 2:16-cv-125, 2016 WL 3102226, at *1 (S.D. Ohio June 1, 2016) (granting motion for conditional certification supported by declarations of nine named plaintiffs); *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 WL 853234, at *3 (S.D. Ohio Feb. 26, 2015) (conditionally certifying FLSA class based on declarations from twelve potential plaintiffs).

The Northern District of Ohio has, on the other hand, recognized that at the notice stage, the district court has "minimal" evidence and makes its conditional certification decision "usually based only on the pleadings and *any* affidavits which have been submitted." *Douglas v. GE Energy Reuter Stokes*, No. 1:07CV077, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007) (emphasis added).  Further, in at least one instance, this Court has found that a plaintiff met his burden of showing that he was "similarly situated" to the employees he sought to represent simply by alleging in his complaint that there were "numerous paintless dent removal technician's [sic] employed by Defendant in Ohio, that all of these technicians were paid on a commission basis, and Defendant did not pay these technician's [sic] overtime."[1]  *Pritchard*, 210 F.R.D. at 596.

Plaintiff has met the bare minimum standard applied by the *Pritchard* and *Douglas* courts.  Construing Plaintiff's allegations generously, she has made a "modest" factual showing establishing "at least a colorable basis" for her claim that a class of similarly-situated plaintiffs

---

[1] *Pritchard* involved a Rule 12(b)(6) motion to dismiss, not a motion for conditional certification.

9

exist through the allegations in her Second Amended Complaint and her sworn declaration. *See id.* (quotation omitted). As Plaintiff correctly points out, while her allegations are less than fulsome, to question *how* she became aware of other HHAs employed by Defendants who were not paid overtime is to inquire into Plaintiff's credibility—which the Court typically does not undertake at the conditional certification stage. *See Myers*, 201 F. Supp. 3d at 890 (internal citations omitted); *see also Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011).

Moreover, although not presented with her class certification Motion, the deposition testimony of Ms. Umoette provides additional evidence to support the fact that a class of similarly-situated plaintiffs exist. Ms. Umoette conceded that Defendants' payment policy of paying *no* overtime premium applies uniformly to all of the companies' HHAs, and also that Defendants have a policy of not accepting any timesheets with more than 40 hours per workweek recorded. (*See* Doc. 30-1 at 71:19–23, 66:15–20.) Presumably, there is more than one HHA employed by Defendants. Therefore, with this extra evidence, Plaintiff has provided the factual nexus necessary to warrant conditional certification.

Plaintiff's Motion for conditional certification is **GRANTED**.[2]

### B. Class Notice

Having determined that conditional certification is warranted, the Court turns now to the form and manner of Plaintiff's proposed notice. Plaintiff requests that the Court: (1) approve her proposed Notice and Consent-to-Sue form; (2) order Defendants to produce a class list; (3) allow Plaintiff's counsel to disseminate the Notice and Consent-to-Sue form within 14 days of receipt

---

[2] Whether Plaintiff's proposed class should be certified conditionally under the FLSA is a close question. As previously stated, the evidence provided by Plaintiff—particularly without the deposition testimony of Ms. Umoette—barely meets the lenient standard for conditional certification. However, after balancing the equities of the case, the Court determines that it would be easier for Defendants to attempt to decertify the class than for Plaintiff to engage in further discovery and re-file a Motion for Conditional Certification. While Plaintiff's counsel certainly did not put forth the most valiant effort to engage in discovery, the putative class members should not be punished for this laxity.

10

of the class list from Defendants; (4) permit the dissemination of notice via e-mail; (5) order notice to be posted at Defendants' company facilities; and (6) approve a 90-day opt-in period. (*See* Doc. 20 at 7–12.) The Court will address these requests *seriatim*.

### 1. Contents of Notice and Consent-to-Sue Forms

As threshold matter, Defendants argue that Plaintiff's request to disseminate notice is "premature" given that she has not met her burden for conditional certification, but that if the Court *does* conditionally certify a class, "the limitations period should be two years because Plaintiff has failed to provide any basis for a willful violation." (Doc. 22 at 9–10.) The FLSA establishes a general two-year statute of limitations, but a cause of action arising out of a "willful" violation of the act increases the statute of limitations to three years. 29 U.S.C. § 255(a). A violation of the FLSA is "willful" when an employer either "kn[ows] or show[s] reckless disregard as to whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988). Whether Defendants' alleged FLSA violations are "willful" is a question better suited for a later stage of the litigation. *See, e.g.*, *Stanley v. Turner Oil & Gas Props., Inc.*, No., 2017 WL 127481 at *9 (S.D. Ohio Jan. 13, 2017) (using three-year limitations period for willful violations at notice stage); *Colley v. Scherzinger Corp.*, 176 F. Supp. 3d 730, 735 (S.D. Ohio 2016) (finding the absence of willful conduct not established by the pleadings at the notice stage and using a three-year limitations period). Accordingly, the Court should use a three-year limitations period and reject any of Defendants' objections to the form of notice based on its reference to a three-year statute of limitations. (*See* Doc. 22 at 11–12.)

As for the remainder of Defendants' objections to Plaintiff's proposed notice, "[b]oth the parties and the court benefit from settling disputes about the content of the notice before it is

11

distributed." *Hoffman-LaRoche*, 493 U.S. at 172. Accordingly, the parties are **ORDERED** to meet and confer about the content of Plaintiff's proposed Notice and Consent-to-Sue forms and resolve all objections to the extent possible. Plaintiff must file an updated proposed notice, and Defendants must lodge any remaining objections to that proposed notice within **14 days** of the date of this Order.

### 2. Defendants' Production of Class List and E-mail Notice

Plaintiff asks the Court to order Defendants to produce a list of all putative class members to Plaintiff's counsel, which should include the following information about putative class members: (1) each employee's full name; (2) all known addresses; (3) e-mail addresses; and (4) telephone numbers. (Doc. 20 at 8.) Defendants object to disclosing telephone numbers and e-mail addresses of current and former employees, for privacy reasons. (Doc. 22 at 12–13.) Additionally, Plaintiff asks the Court to permit notice via e-mail to former employees in addition to ordinary mail. (Doc. 20 at 9.)

The Court finds that e-mail notice is warranted. It had been the common practice in this district to order notice to be sent by first-class mail to current employees and by first-class mail *and* electronic mail to former employees due to concerns that former employees may have moved after the conclusion of their employment. *See, e.g.*, *Lutz v. Huntington Bancshares, Inc.*, No. 2:12-cv-1091, 2013 WL 1703361, at *7 (S.D. Ohio Apr. 19, 2013); *Wolfram v. PHH Corp.*, No. 1:12-cv-599, 2012 WL 6676778, at *4 (S.D. Ohio Dec. 21, 2012) (noting that e-mail notice to former employees "appropriately safeguards the privacy of individuals not currently a party to the case and helps ensure that all potential plaintiffs receive notice of their right to join this lawsuit"); *Swigart*, 276 F.R.D. at 215. In more recent cases, however, courts in this district have ordered e-mail notice to all putative class members. *See Atkinson*, 2015 WL 853234, at *5; *Petty*

*v. Russell Cellular, Inc.*, No. 2:13-cv-1110, 2014 WL 1308692, at *6 (S.D. Ohio Mar. 28, 2014). This Court agrees with the *Atkinson* court, which held that e-mail notice "appears to be in line with the current nationwide trend" and "advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit." *Atkinson*, 2015 WL 853234, at *5. This is also consistent with the trend among courts nationwide. *See, e.g.*, *Kutzback v. LMS Intellibound, LLC*, No. 2:13-cv-2767, 2015 WL 1393414, at *6 (W.D. Tenn. Mar. 25, 2015); *Jones v. JGC Dallas LLC*, No. 3:11-cv-2743-O, 2012 WL 6928101, at *5 (N.D. Tex. Nov. 29, 2012), *adopted by* 2013 WL 271665 (N.D. Tex. Jan. 23, 2013); *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128–29 (N.D. Cal. 2009).

Therefore, once the Court approves the parties' agreed-upon Notice and Consent-to-Sue form, Plaintiff is permitted to disseminate the notice via regular mail *and* e-mail to all putative class members. There appears to be no need for Plaintiff to have the telephone numbers of putative class members. Defendants must produce the names, all known addresses, and e-mail addresses of putative class members within **14 days** of this Court's order approving Plaintiff's updated notice.

<u>3. Posting of Notice at Defendants' Facilities</u>

Plaintiff also requests that notice be posted at Defendants' company facilities. (Doc. 20 at 10.) Because this is a common practice, and Defendants do not object, the Court approves this form of notice. *See, e.g.*, *Denney v. Lester's LLC*, No. 4:12CV377, 2012 WL 3854466, at *4 (E.D. Mo. Sept. 5, 2012).

13

4. 90-day Opt-in Period

Finally, Plaintiff asks the Court to approve a 90-day opt-in period, in light of the fact that "Plaintiff and the putative [c]lass are employees of an industry with a high turnover rate" and therefore Plaintiff's counsel "anticipates significant difficulties in locating all potential class members." (Doc. 20 at 11–12.) Defendants have no objection to a 90-day opt-in period, and because 90 days is a standard notice period and fair in this case, the Court approves a 90-day notice period. *See, e.g.*, *Wolfram*, 2012 WL 6676778, at *4 (granting 90-day notice period); *Musarra v. Digital Dish, Inc.*, No. C2-05-545, 2008 WL 818692, at *7 (S.D. Ohio Mar. 24, 2008) (same).

## C. Class Counsel

Plaintiff asks the Court to appoint the law firms of Levin Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. ("Levin Papantonio") and Johnson Becker, PLLC ("Johnson Becker") as interim class counsel. (*See* Doc. 20 at 12.) The appointment of interim class counsel is governed by Federal Rule of Civil Procedure 23(g)(3), and courts routinely evaluate the factors in Rule 23(g)(1) when appointing interim class counsel prior to class certification. *See Ross v. Jack Rabbit Servs., LLC*, No. 3:14-CV-00044, 2014 WL 2219236, at *5 (W.D. Ky. May 29, 2014). These factors include:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1). In addition, a court may consider whether counsel can fairly and adequately represent the interests of the class. *Id.* 23(g)(4); *see also Ross*, 2014 WL 2219236, at *5.

14

All of the Rule 23(g)(1) factors appear to be met here, and Defendants do not challenge Plaintiff's request to appoint her counsel as interim class counsel.  Plaintiff attached the resumes of Levin Papantonio and Johnson Becker as exhibits to her Motion for conditional certification. (*See* Docs. 20-3, 20-4.)  Both firms have significant experience, and would fairly and adequately represent the class.  Thus, Plaintiff's counsel is hereby appointed as interim class counsel.

### IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion (Docs. 19, 20) to certify conditionally this case as a collective action under the FLSA is **GRANTED**.

The Court **ORDERS** the parties to confer on the form of notice and submit agreed proposed Notice and Consent-to-Sue forms within **14 days** of the date of this Order.  Once notice is approved, Defendants must provide a class list to Plaintiff's counsel within **14 days**, and notice may then be distributed to putative class members by regular mail and e-mail.  Notice may also be posted at Defendants' facilities if necessary.  The opt-in period should last 90 days. Levin Papantonio and Johnson Becker are appointed as interim class counsel.

**IT IS SO ORDERED**.

                                            s/ Algenon L. Marbley
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**Dated: July 11, 2017**