IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Deangela Smith, et al. | : | Case No. 2:16 CV 807 |
| Plaintiffs | : | District Judge Marbley |
| vs. | : | Magistrate Judge Vascura |
| Generations Healthcare Services, LLC, et al. | : | JURY DEMAND ENDORSED HEREON |
| Defendants | : | |

## ANSWER OF DEFENDANTS, GENERATIONS HEALTHCARE SERVICES, LLC and GENERATIONS TOO, LLC, TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Now come Defendants, Generations Healthcare Services, LLC and Generations Too, LLC, by and through counsel, and hereby submit their Answer to Plaintiff's Second Amended Complaint as follows:

1. Defendants are without sufficient information to form a belief as to Plaintiff's thoughts and/or motivations as alleged in paragraphs one (1) and two (2) of Plaintiff's Second Amended Complaint, and therefore, deny the same. Defendants deny the remaining allegations contained in paragraphs one (1) and two (2) of Plaintiff's Second Amended Complaint.

2. Defendants deny the allegations contained in paragraph three (3) of Plaintiff's Second Amended Complaint.

3. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph four (4) Plaintiff's Second Amended Complaint and therefore, deny the same.

4. Defendants deny the allegations contained in paragraphs five (5) through seven (7), inclusive, of Plaintiff's Amended Second Complaint.

5. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph eight (8) of Plaintiff's Second Amended Complaint and therefore, deny the same.

6. Defendants deny the allegations contained in nine (9) of Plaintiff's Amended Second Complaint.

7. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraphs ten (10) and eleven (11) of Plaintiff's Second Amended Complaint and therefore, deny the same.

8. Defendants admit the allegations contained in paragraph twelve (12) of Plaintiff's Second Amended Complaint.

9. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraphs thirteen (13) and fourteen (14) of Plaintiff's Second Amended Complaint and therefore, deny the same.

10. Defendants admit the allegations contained in paragraph fifteen (15) of Plaintiff's Second Amended Complaint.

11. Defendants deny the allegations contained in paragraphs sixteen (16) through twenty two (22), inclusive, of Plaintiff's Second Amended Complaint.

12. Defendants admit the allegations contained in paragraph twenty three (23) of Plaintiff's Second Amended Complaint.

13. Defendants deny the allegations contained in paragraphs twenty four (24) through twenty nine (29), inclusive, of Plaintiff's Second Amended Complaint.

14. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph thirty (30) of Plaintiff's Second Amended Complaint, and therefore, deny the same.

15. Defendants deny the allegations contained in paragraphs thirty one (31) through thirty eight (38), inclusive, of Plaintiff's Second Amended Complaint.

16. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph thirty nine (39) of Plaintiff's Second Amended Complaint, and therefore, deny the same.

17. Defendants deny the allegations contained in paragraphs forty (40) and forty one (41) of Plaintiff's Second Amended Complaint.

18. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph forty two (42) of Plaintiff's Second Amended Complaint, and therefore, deny the same.

19. Defendants deny the allegations contained in paragraphs forty three (43) and forty four (44) of Plaintiff's Second Amended Complaint.

20. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph forty five (45) of Plaintiff's Second Amended Complaint, and therefore, deny the same.

21. Defendants deny the allegations contained in paragraph forty six (46) through fifty one (51), inclusive of Plaintiff's Second Amended Complaint.

22. Defendants deny the allegations contained in paragraph fifty two (52) of Plaintiff's Second Amended Complaint, and further state that a response thereto is not required.

23. Defendants deny the allegations contained in paragraphs fifty three (53) through fifty nine (59), inclusive, of Plaintiff's Second Amended Complaint.

24. Defendants deny the allegations contained in paragraphs sixty (60) through sixty four (64), inclusive, of Plaintiff's Second Amended Complaint.

25. Defendants deny the allegations contained in paragraph sixty five (65) of Plaintiff's Second Amended Complaint, and further state that a response thereto is not required.

26. Defendants deny the allegations contained in paragraph sixty six (66) of Plaintiff's Second Amended Complaint.

27. Defendants admit the allegations contained in paragraph sixty seven (67) of Plaintiff's Second Amended Complaint.

28. Defendants deny the allegations contained in paragraphs sixty eight (68) through seventy four (74), inclusive, of Plaintiff's Second Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

29. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

30. Plaintiff's claims fail to meet the requirements and prerequisites for class action certification and/or designation as a collective action.

## THIRD AFFIRMATIVE DEFENSE

31. The claims contained in Plaintiff's Second Amended Complaint are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

32. The claims contained in Plaintiff's Second Amended Complaint are barred due to exemptions set forth at 29 USC §201, *et seq*.

## FIFTH AFFIRMATIVE DEFENSE

33. The claims contained in Plaintiff's Second Amended Complaint are barred due to release, waiver and/or consent by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

34. Defendants reserve the right to assert additional affirmative defenses to the claims presented in Plaintiff's Second Amended Complaint as additional information is discovered during the course of this litigation.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendants, Generations Healthcare Services, LLC and Generations Too, LLC, request the following:

1. That this Honorable Court deny Plaintiff's request to certify Plaintiff's Second Amended Complaint as a collective action under 29 U.S.C §216(b).

2. That this Honorable Court deny Plaintiff's Request to certify Plaintiff's Second Amended Complaint as a class action under Federal Rules of Civil Procedure 23(b)(3) or (c)(4).

3. That this Honorable Court deny the requested designation of Plaintiff, DeAngela Smith, as the class representative.

4. That this Honorable Court deny Count 1 of Plaintiff's Second Amended Complaint and find that Defendants, Generations HealthCare Services, LLC and Generations Too, LLC did not in the past, nor are not presently in violation of the provisions of the Fair Labor Standards Act;

5. That this Honorable Court deny Count 2 of Plaintiff's Second Amended Complaint and find that Defendants, Generations HealthCare Services, LLC and Generations Too, LLC did not in the past, nor are not presently in violation of the provisions of the Ohio Wage Acts;

6. That this Honorable Court dismiss Plaintiff's Second Amended Complaint in its entirety, and that judgment be entered against Plaintiff and in favor of Defendants, Generations Healthcare Services, LLC and Generations Too, LLC, as to all claims contained in Plaintiff's Second Amended Complaint; and

7. That Defendants, Generations Healthcare Services, LLC and Generations Too, LLC, be granted any and all such other relief that they are entitled to in law and equity and as this Honorable Court deems appropriate.

Respectfully Submitted,

RENNY J. TYSON CO., LPA

/s/ Renny J. Tyson
Renny J. Tyson                                    (0022576)
Attorney for Defendants, Generations Healthcare Services, LLC and Generations Too, LLC
1465 East Broad Street
Columbus, Ohio 43205
Telephone:   614-253-7800
Fax:         614-253-7855
Email:       admin@rennytysonlaw.com

## JURY DEMAND

Defendant demands a trial by jury.

/s/ Renny J. Tyson
Renny J. Tyson (0022576)
Attorney for Defendants, Generations Healthcare
Services, LLC and Generations Too, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer of Defendants, Generations Healthcare Services, LLC and Generations Too, LLC to Plaintiff's Second Amended Complaint was filed electronically on this 25th day of July, 2017. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Renny J. Tyson
Renny J. Tyson (0022576)
Attorney for Defendants, Generations Healthcare
Services, LLC and Generations Too, LLC