IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Deangela Smith                            :

        Plaintiff              :        Case No. 2:16 CV 807

vs.                                       :        Judge Marbley

Generations HealthCare Services, LLC      :        Magistrate Vascura

        Defendant              :

**DEFENDANTS' MOTION TO DECERTIFY
CONDITIONAL CLASS CERTIFICATION AND FOR DISMISSAL
OF OPT-IN PLAINTIFFS, JESSICA CLIMER and CHARLES HOLLINS**

Now comes the Defendant, Generations Healthcare Services, LLC, hereinafter "Generations Healthcare", by and through counsel, and hereby moves this Honorable Court for an Order decertifying the conditional class certification issued by this Court, and/or in the alternative, for an Order dismissing with prejudice the Opt-In Plaintiffs, Jessica Climer and Charles Hollins for failure to prosecute their claims and to participate in discovery. As set out more fully in the attached Memorandum in Support, Defendant states that Plaintiff has failed to present any good legal and/or factual basis for this Court to continue the conditional class certification.

1

Respectfully Submitted

RENNY J. TYSON CO., LPA

/s/ Renny J. Tyson
Renny J. Tyson (0022576)
Attorney for Defendant, Generations Healthcare Services, LLC
1465 East Broad Street
Columbus, Ohio 43205
Telephone: 614-253-7800
Fax: 614-253-7855
Email: admin@rennytysonlaw.com

I. Introduction

On December 15, 2016, Plaintiff filed a motion requesting that her action be conditionally certified as a collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA") ("Motion to Certify"). On January 4, 2017, Defendants filed their Memorandum in Opposition to Motion for Conditional Class Certification. After hearing on this matter, the Court granted the conditional class certification and issued a deadline of November 6, 2017 in which any potential plaintiffs could opt into the conditionally certified class.

Prior to expiration of the November 6, 2017 deadline, only two (2) individuals had filed the required affidavits with the Court to indicate their desire to be part of the conditionally certified class. To date, no other individuals have filed the required affidavits, and therefore, even assuming arguendo that the allegations set forth in Plaintiff's Motion for Conditional Class Certification have merit, which Defendants expressly deny, three (3) individuals are insufficient for Plaintiff to maintain a class action matter against Defendant, i.e. three (3) individuals do not meet the "joinder would be inappropriate" rationale for maintaining class actions.

As such, and due to insufficient potential plaintiffs, Defendant respectfully requests that this Court issue an order decertifying the conditional class, and/or in the alternative, issue an Order dismissing the Opt-In Plaintiffs, Jessica Climer and Charles Hollins due to their failure to prosecute their claims and to present themselves for depositions.

II. <u>Law and Argument</u>

    A. <u>A Three (3) Person Class Does Not Satisfy The Justifications For Class Certification, And Thus, The Conditional Class Should Be Decertified</u>

In the instant matter, only two (2) individuals have opted into the class alleging that they are similarly situated to Plaintiff. Even assuming *arguendo* that the three (3) individuals are similarly situated, which Defendants deny, there is no good basis to subject Defendants to the burdens of a collective action involving only three (3) individuals.

The Ohio Supreme Court has held in Rule 23 class action matters that if the class has less than twenty-five people, numerosity is probably lacking. A similar ruling should be reached in the instant FLSA matter involving one plaintiff and two (2) opt-in plaintiffs who have failed to prosecute their claims after filing the required documentation to be a part of the alleged class. See *Adkins-Bagola v. Universal Nursing* Service, 2004 WL 2600456, 2004-Ohio-6082, citing *Warner v. Waste Management*, 36 Ohio St.3 91, 521 N.E.2d 1091, quoting Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed.1977) 22. The *Adkins-Bagola* case involved ten (10) potential class members which the trial court originally certified as a class. On appeal, the Court of Appeals reversed the class certification holding:

3

> A court may properly certify a class only if it finds, by a preponderance of the evidence, that the class meets the Civil Rule 23(A) requirements, which include **finding that the class is so numerous that joinder is impracticable**. See *Hamilton*, 82 Ohio St.3d at 70, 694 N.E.2d 442, Warner, 36 Ohio St.3d 91, 521 N.E.2d 1091. In this case, one of the prerequisites of Civil Rule 23(A) was not met; **Appellee has not established the numerocity requirement by a preponderance of the evidence. Therefore, the class is not properly certifiable**. See, *Adkins-Bagola, supra*. (Emphasis added.)

If a class consisting of ten (10) potential members was found to be uncertifiable as a class action, it goes without saying that a class nearly one third that size (three (3) members) is not certifiable. Thus, it is clear that Plaintiff has not met the numerocity requirement as set forth in Federal Rule of Civil Procedure 23(A), and a similar finding should be reached in the instant FLSA matter involving only one (1) active plaintiff and two (2) inactive plaintiffs who are not cooperating with counsel or discovery.

Other courts have also weighed in with regard to the numerosity requirement in Rule 23 class action matters and found that small classes should not be certified as class actions. See, *Warner v. Waste Management*, 36 Ohio St.3 91, 521 N.E.2d 1091 (for the numerosity requirement to be met, the class must be so numerous that joinder of all members is impracticable); *Council of and for the Blind of Delaware County Valley, Inc. v. Regan*, 709 F.2d 1521, 1529 (D.C.Cir.1983) (the numerosity requirement is also satisfied more easily upon a showing that there is wide "geographical diversity of class members," which makes joinder of all the class members more impracticable); *Garcia v. Gloor*, 618 F.2d 264 (Only thirty-one persons, those Gloor employees who were Hispanic, were affected by the English-only rule. Their identity and addresses were readily ascertainable, and they all lived in a compact geographical area. The suggested class therefore failed to meet the elementary requirement that supports the whole theory of class actions

4

representation by one person of a group so numerous that joinder in one suit would be impracticable).

Based on the foregoing, Defendant's Motion to Decertify the Conditional Class Certification is well founded. It is, therefore, requested that Defendant's Motion be granted.

    B.    The Opt-In Plaintiffs' Failure To Cooperate With Discovery, To Present Themselves For Depositions And To Otherwise Fail To Prosecute Their Alleged Claims Should Result In Dismissal Of Their Claims And Decertification Of The Conditional Class

By order of this Court on September 17, 2017, the parties were to engage in and complete discovery on or before February 6, 2018. As a result of Plaintiffs' failure to comply with said order, Defendants have been deprived of the opportunity to conduct discovery with respect to the Opt-In Plaintiffs. Defendants filed their Notices of Depositions for the Opt-In Plaintiffs, Jessica Climer and Charles Hollins on January 26, 2018 and provided Plaintiffs' counsel with copies of said Notices. On January 29, 2018, Plaintiffs' counsel indicated that he was experiencing difficulties contacting the Opt-In Plaintiffs and requested an extension of ten (10) days in which to reschedule the depositions. Counsel for Defendants agreed with the extension provided a new date for the depositions be agreed upon within the ten (10) day extension period. On January 31, 2018, Plaintiffs' counsel again contacted Defendants' counsel advising of continued difficulties in contacting his clients. Finally, on February 2, 2018, Defendants' counsel contacted Plaintiffs' counsel again requesting deposition dates for the Opt-In Plaintiffs and offering available dates for said depositions. Plaintiffs' counsel replied that he had been in contact with one of the Opt-In Plaintiffs who suggested a deposition date of February 12, 2018. That date was unavailable and the other Opt-In Plaintiff still had not made contact with

Plaintiffs' counsel.

On March 2, 2018, counsel for Plaintiffs indicated to counsel for Defendants that he had again lost contact with both Opt-In Plaintiffs and that he did not "expect to be able to set their depositions". To date, no depositions of the Opt-In Plaintiffs have been conducted due to their failure and/or refusal to cooperate with their attorney. As a result of the Opt-In Plaintiffs' failure to present themselves for depositions and failure to prosecute their claims, Defendants have not been able to properly prepare their case for trial or potential settlement.

Based on the foregoing, Defendants respectfully request that this Court dismiss the Opt-In Plaintiffs for failure to prosecute their claims. See *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991), where it was held, and *Murray v. Target Department Stores,* 2003WL 356171, 56 Fed.Appx. 246, where it was reiterated that "the district Court may dismiss a case if one of the parties fails to comply with an order to provide or permit discovery and that party has shown a pattern of delay or contumacious conduct". In addition, trial courts within the Sixth Circuit have agreed that an opt-in plaintiff's failure to respond to his counsel constitutes willful conduct weighing in favor of dismissal. See also, *Oakes v. J.F. Bernard, Inc.* No. 5:11-CV-1006, 2012 WL 3552651 at *2 (N.D. Ohio, August 1, 2012) (dismissing opt-in plaintiff pursuant to Rule 41(b) with prejudice for failure to provide discovery, reasoning that the opt-in plaintiff "is at fault, at a minimum, for failing to maintain contact with his attorney so that he could stay informed regarding his case"); *Williams v. Le Chaperon Rouge,* No. 1:07-cv-829, 2008 WL 2074039, at *1–2 (N.D. Ohio May 14, 2008) (dismissing opt-in plaintiff pursuant to Rule 41(b) with prejudice for failure to provide discovery, characterizing the opt-in plaintiffs' failure to respond to discovery as "willful"

where they failed to respond to several letters and calls from their attorneys); and *Morales v. Farmland Foods, Inc.*, No. 8:08-cv-504, 2011 WL 7077232, at *5 (D. Neb. Dec. 15, 2011) (collecting cases in which courts have dismissed opt-in plaintiffs with prejudice in FLSA cases where the opt-in plaintiffs failed to respond to discovery in violation of a court order, reasoning "[t]here is nothing in the nature of collective actions or in the spirit of the FLSA that would allow plaintiffs to flout their individual discovery obligations. When the refusal comes following notice and a court order, absent some extraordinary circumstances, it can be described as nothing other than willful or intentional".

Based upon the foregoing, there is ample precedent for this Court to dismiss the Opt-In Plaintiffs' for failure to maintain contact with their attorney and failure to comply with the Court's scheduling order with regard to discovery and depositions. Thus, Defendants respectfully request that this Court dismiss the Opt-In Plaintiffs' for failure to present themselves for depositions and/or to otherwise prosecute their claims. Defendants further request, as a result of the Opt-In Plaintiffs' failure to prosecute their claims, that this fact along with the fact that there remains but one (1) active plaintiff in this matter, be included among the reasons for granting the instant Motion to Decertify.

III. Conclusion

In conclusion, as no good or legal basis has been demonstrated to continue the conditional certification in this matter, and due to the Opt-In Plaintiffs, Jessica Climer and Charles Hollins, failure to cooperate in discovery, it is respectfully requested that this Honorable Court decertify the conditional class, and/or in the alternative, dismiss with prejudice the Opt-In Plaintiffs, Jessica Climer and Charles Hollins as a result of their failure to present themselves for deposition and failure to otherwise prosecute their claims.

7

Respectfully Submitted,

RENNY J. TYSON CO., LPA

/s/ Renny J. Tyson
Renny J. Tyson (0022576)
Attorney for Defendant, Generations Healthcare
    Services, LLC
1465 East Broad Street
Columbus, Ohio 43205
Telephone: 614-253-7800
Fax: 614-253-7855
Email: admin@rennytysonlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Decertify Conditional Class Certification and Dismissal of Opt-In Plaintiffs, Jessica Climer and Charles Hollins was filed electronically on this 13th day of March, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Renny J. Tyson
Renny J. Tyson (0022576)
Attorney for Defendant, Generations Healthcare
    Services, LLC