## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DEANGELA SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. C2-16-CV-0807 |
| v. | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| GENERATIONS HEALTHCARE | : | |
| SERVICES, LLC., et al. | : | Magistrate Judge Vascura |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on Defendants' Motion to Decertify Conditional Class Certification and for Dismissal of Opt-In Plaintiffs, Jessica Climer and Charles Hollins. (ECF No. 61). For the following reasons, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

Plaintiff DeAngela Smith worked as a home health aide for Generations Healthcare Services, LLC and Generations Too, LLC. She alleges that the Defendants did not pay her overtime in violation of the Department of Labor's 2015 rule that "made overtime mandatory for home health aides." (ECF No. 43 at 2).

Plaintiff Smith filed this suit as a collective action under the Fair Labor Standards Act ("FLSA") and a class action for violation of several similar state provisions on August 19, 2016. (ECF No. 1). Plaintiff Smith moved to certify the class on December 15, 2016. (ECF No. 19). This Court heard argument on the Motion to Certify Class on June 29, 2017 and subsequently certified the class on July 11, 2017. (ECF No. 46). In the meantime, Plaintiff filed her First

Amended Complaint on January 6, 2017 (ECF No. 24) and her Second Amended Complaint on June 30, 2017 (ECF No. 43).

Defendants filed this Motion to Decertify the Class and Dismiss the Opt-In Plaintiffs on March 13, 2018. (ECF No. 61). Plaintiff filed a Response on April 3, 2018, and Defendants filed a Reply on April 17, 2018. (ECF Nos. 62, 63).

## II.    LAW & ANALYSIS

Defendants have moved to decertify the class. Defendants argue that when the opt-in period closed, two plaintiffs, Jessica Climer and Charles Hollins, had opted in to the suit. Plaintiff Smith does not dispute these facts and does not oppose decertifying the class. Because the parties agree to this matter and three individuals would be an insufficient number to support a class under Federal Rule of Civil Procedure 23(A), Defendants' Motion is hereby **GRANTED**. Because the parties have agreed to decertification, this Court does not decide whether three individuals are enough to support an FLSA collective action under §216(b), which imposes requirements separate from class requirements under Federal Rule of Civil Procedure 23.

Defendants have also moved to dismiss Plaintiffs Jessica Climer and Charles Hollins from this suit. Plaintiff Smith acknowledges "counsel's difficulty in making or maintaining contact with these opt-in Plaintiffs." (ECF No. 62 at 2). Plaintiff Smith has not specifically responded to Defendants' Motion to Dismiss these Plaintiffs, only stating that "Plaintiff Smith cannot oppose what Defendants seek" because of Plaintiffs Climer and Hollins "failing to cooperate" and agreeing "that a party's failure to appear at depositions obviously constitutes good grounds for some kind of sanction." (*Id.* at 1–2).

This Court may dismiss plaintiffs for failure to prosecute their claims, failure to "comply with the Federal Rules of Civil Procedure, or [failure to] comply with a court order." *Oakes v.*

*J.F. Bernard, Inc.*, 2012 WL 3552651, at *1 (N.D. Ohio Aug. 1, 2012) (citing Fed. R. Civ. P. 41(b); *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232 (6th Cir. 1983)). But "dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). Whether to dismiss a claim is informed by four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998).

Whether the party was given notice is a "key consideration." *Stough*, 138 F.3d at 615. The Sixth Circuit "has repeatedly 'reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005) (quoting *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). "[I]n the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'" *Harris*, 844 F.2d at 1256.

Defendants' reliance on *Jourdan v. Jabe, Murray v. Target Dep't Stores*, and *Oakes v. J.F.Bernard, Inc.* is misplaced as those cases are distinguishable. In *Jourdan*, the party had requested two extensions and subsequently missed "court deadlines of which he was well-aware" and "comprehended their significance." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Here, neither Plaintiff Smith nor Defendants provide evidence of whether Plaintiffs Climer and Hollins were "well-aware" of court deadlines. The parties negotiated between themselves for extensions

3

of time in contacting Plaintiffs Climer and Hollins. (ECF No. 61 at 5). Plaintiff Smith intimates that at least one Plaintiff failed to appear for a deposition. (ECF No. 62 at 2). But it is not clear that Plaintiffs Climer and Hollins were aware that they were out of alignment with court deadlines or understood the importance of appearing at depositions.

*Jourdan* aside, far more courts have dismissed parties or cases for failure to participate in discovery but done so after giving notice to the dismissed plaintiff or his counsel. In *Oakes*, the court had given notice to plaintiff's counsel that if the plaintiff did not "comply with his discovery obligations," his claims might be dismissed. *Oakes v. J.F.Bernard, Inc.*, No. 5:11-CV-1006, 2012 WL 3552651, at *2 (N.D. Ohio Aug. 1, 2012). And in *Murray*, the district court that dismissed the case for failure to appear for a deposition had previously issued an "order directing [Murray] to respond to defendant's motion to dismiss," and the Sixth Circuit noted that the district "court was plainly considering dismissal when it extended the time for her response to the defendant's motion." *Murray v. Target Dep't Stores*, 56 F. App'x 246, 246–47 (6th Cir. 2003) (unpublished). *See also Williams v. Le Chaperon Rouge*, No. 1:07-CV-829, 2008 WL 2074039, at *1–2 (N.D. Ohio May 14, 2008) (plaintiffs "advised in writing over two months ago that they would not be able to continue as plaintiffs if they failed to contact counsel" and plaintiffs communicated "that they did not want to remain plaintiffs"); *Komaromy v. City of Cleveland*, 232 F.R.D. 590, 592–93 (N.D. Ohio 2006) ("In addition, the plaintiff has been cautioned by the Court concerning the ramifications of failures to comply with Court orders."). Even in *Morales v. Farmland Foods, Inc.*, which, as a magistrate judge's recommendation to the District Court of Nebraska, is not binding authority on this Court, the party was given "a warning about the possibility of dismissal." Morales v. Farmland Foods, Inc., No. 8:08CV504, 2011 WL 7077232, at *6 (D. Neb. Dec. 15, 2011).

4

This Court has not previously issued any directive to the Plaintiffs that would constitute notice that their failure to participate in discovery would result in dismissal. As such, Defendants' Motion to Dismiss is **DENIED**. Plaintiffs Climer and Hollins are put on notice, however, that they must comply with proper discovery requirements and that further failure to respond to proper discovery could result in sanctions, including dismissal.

In Plaintiff Smith's response to Defendants' Motion to Decertify and Dismiss Plaintiffs, Plaintiff raised the possibility that Defendants may not have given notice to the true number of potential class members. Plaintiff has not requested any relief on this matter, however, and "a reply brief is not the proper place to raise an issue for the first time." *Versatile Helicopters v. City of Columbus*, 879 F. Supp. 2d 775, 779 (S.D. Ohio 2012) (quoting *United Tel. Co. of Ohio v. Ameritech Servs., Inc.*, No. 2:10-cv-249, 2011 U.S. Dist. LEXIS 1746, at *3 n.2 (S.D. Ohio Jan. 7, 2011)). As such, this Court does not address Plaintiff's concern here.

### III.    CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED** as to decertifying the class and **DENIED** as to dismissing Plaintiffs Climer and Hollins.

**IT IS SO ORDERED.**

**s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATED:  November 19, 2018**