**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DEANGELA SMITH,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. 2:16-CV-0807 |
| v. : | |
| : | JUDGE ALGENON L. MARBLEY |
| **GENERATIONS HEALTHCARE** : | |
| **SERVICES, LLC., et al.** : | Magistrate Judge Vascura |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Prosecution. (ECF No. 70). For the following reasons, Defendants' Motion is **GRANTED.**

**I.  BACKGROUND**

Plaintiff DeAngela Smith was a home health aide for Generations Healthcare Services, LLC and Generations Too, LLC. She sued Generations for violations of the Department of Labor's 2015 rule that "made overtime mandatory for home health aides." (ECF No. 43 at 2).

Plaintiff Smith filed this suit as a collective action under the Fair Labor Standards Act ("FLSA") and a class action for violation of several similar state provisions on August 19, 2016. (ECF No. 1). This Court granted Plaintiff's Motion to Conditionally Certify Class on July 11, 2017. (ECF No. 46). Only two other plaintiffs, Jessica Climer and Charles Hollins, opted in to the class.

Defendants later moved to Decertify the Class and Dismiss the Opt-In Plaintiffs. (ECF No. 61). The opt-in plaintiffs had been unresponsive to counsels' attempts to contact them regarding their depositions. Plaintiffs Responded, noting that they did not oppose decertification. (ECF No. 62). This Court granted Defendants' Motion to Decertify but denied the Motion to

1

Dismiss the Opt-In Plaintiffs. (ECF No. 67). In that Order, this Court noted that it was not dismissing the opt-in plaintiffs because they had not had notice of the consequences of failing to remain in contact with counsel and proceed with discovery. The Court, however, explicitly noted in that Order that the opt-in plaintiffs were now to be considered on notice that if they did not participate in litigation, they could be dismissed from the case.

After this Court denied the Motion to Dismiss, counsel for the opt-in plaintiffs filed a Motion to Withdraw as counsel. (ECF No. 68). That Motion has been granted. (ECF No. 72). Relying on the representations made in the Motion to Withdraw, Defendants filed a new Motion to Dismiss for Lack of Prosecution. (ECF No. 70). Counsel for the opt-in plaintiffs responded only to say that he could not speak for the opt-in plaintiffs, given his pending Motion to Withdraw. (ECF No. 71).

Counsel William Cash's Declaration in support of his Motion to Withdraw as counsel for the opt-in plaintiffs set forth in detail his attempts to contact both Ms. Climer and Mr. Hollins. (ECF No. 68-1). Mr. Cash represents that he and his assistant repeatedly attempted to contact Ms. Climer via phone and email to no avail. Mr. Cash sent Ms. Climer a letter advising her that the Defendants needed to take her deposition, that the Court had set deadlines for depositions, and that if she did not respond her case could be dismissed. (ECF No. 68-1 at 5). Ms. Climer did eventually call Mr. Cash on January 23, 2018 and agreed to a deposition on February 5. After that contact, however, Ms. Climer again stopped answering calls or emails from counsel. Mr. Cash's assistant sent Ms. Climer at least two emails that again advised her that her claim could be dismissed if she did not participate in discovery. Still, Ms. Climer did not respond.

Mr. Cash had a similar experience with Mr. Hollins. Mr. Cash and his assistant reached out to Mr. Hollins numerous times. After unsuccessfully attempting to reach Mr Hollins via phone,

2

Mr. Cash sent him a letter resembling the one he sent Ms. Climer. The letter advised Mr. Hollins that the Court could dismiss his claim if he did not respond. When Mr. Hollins did not respond, and Defense counsel attempted to set Mr. Hollins's deposition, Mr. Cash's assistant emailed Mr. Hollins and again advised him of the necessity of participating in discovery and that his claim could be dismissed. That was on January 31, 2018. On February 1, 2018, Mr. Cash's assistant was finally able to reach Mr. Hollins by phone, and Mr. Hollins agreed to a deposition on February 12. Mr. Cash's assistant attempted to set another date after learning that Defense counsel had a conflict that day, but Mr. Hollins never responded. Mr. Cash's assistant sent Mr. Hollins another email on February 14, with the same language from the email he sent on January 31, 2018. Mr. Hollins never responded.

## II.    LAW & ANALYSIS

Defendants have moved to dismiss Plaintiffs Jessica Climer and Charles Hollins from this suit. This Court may dismiss plaintiffs for failure to prosecute their claims, failure to "comply with the Federal Rules of Civil Procedure, or [failure to] comply with a court order." *Oakes v. J.F. Bernard, Inc.*, 2012 WL 3552651, at *1 (N.D. Ohio Aug. 1, 2012) (citing Fed. R. Civ. P. 41(b); *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232 (6th Cir. 1983)). But "dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). Whether to dismiss a claim is informed by four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998).

3

Whether the party was given notice is a "key consideration." *Stough*, 138 F.3d at 615. This Court previously denied Defendants' Motion to Dismiss because it was not clear that Ms. Climer and Mr. Hollins had adequate notice of the importance of participating in discovery and the possible consequences if they did not. The Court is now satisfied, on Mr. Cash's declaration, that Ms. Climer and Mr. Hollins had more than adequate notice of the need to participate in discovery and the possibility that their claims could ultimately be dismissed. Mr. Cash made numerous attempts to contact Ms. Climer and Mr. Hollins, and Defense counsel has been willing to accommodate them for scheduling depositions.

The other factors also support dismissing Ms. Climer and Mr. Hollins. Climer's and Hollins's failure is due, at least, to fault "for failing to maintain contact with [their] attorney so that [they] could stay informed regarding [their] case." *Oakes v. J.F. Bernard, Inc.*, No. 5:11-CV-1006, 2012 WL 3552651, at *2 (N.D. Ohio Aug. 1, 2012), report and recommendation adopted, No. 5:11CV1006, 2012 WL 3561851 (N.D. Ohio Aug. 16, 2012). The Defendants are also prejudiced by Ms. Climer's and Mr. Hollins's conduct because Defendants must continue to monitor the suit and attempt to resolve Ms. Climer's and Mr. Hollins's claims. *See Komaromy v. City of Cleveland*, 232 F.R.D. 590, 592 (N.D. Ohio 2006) ("Certainly, the necessity of monitoring a case which the plaintiff has dilatorily permitted to languish indefinitely works some hardship on these defendants."). Additionally, Ms. Climer and Mr. Hollins were warned by counsel several times that their claims could be dismissed. This Court has already considered less drastic sanctions by denying the Defendants' previous Motion to Dismiss. Given the unresponsiveness of Ms. Climer and Mr. Hollins, dismissal, rather than some other sanction, is the appropriate remedy. This record is sufficient to find that the opt-in plaintiffs' claims should be dismissed with prejudice for failure to prosecute.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED**. Ms. Climer and Mr. Hollins are hereby **DISMISSED WITH PREJUDICE** from this case. Plaintiff's Motion for a Telephonic Status Conference (ECF No. 73) is hereby DENIED as MOOT.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATED: June 3, 2019**